Ducker, Judge:
The claimant, Robert Lee Powers, Administrator of the Estate of Robert Lee Powers, Jr., deceased, claims damages in the sum of $15,000 by reason of the death of said decedent in a school building in the City of Chester, Hancock County, West Virginia, on March 4, 1966, the petition alleging such claim having been filed in this Court on February 20, 1968.
The facts appear to be that the decedent, a nine and a half year old pupil attending the school operated by the Board of Education of Hancock County, was negligently permitted to congregate, play and await bus transportation with others at the rear of the school building without watchful caré and control by the school authorities, and that while there decedent fell into a concrete stairwell at such rear building place and sustained cerebral injuries, including skull fractures, from which he died. Claimant alleges that the school authorities were negligent in failing to install adequate safeguards such as a high fence around the outer perimeter of said concrete stairwell and that they were negligent in failing to have adequate personnel in attendance for the proper supervision, care and control of pupils at the rear of said school building, particularly at the time when pupils were yet on the school premises awaiting school bus transportation to their homes, and that they were negligent in allowing and permitting the schoool premises to be and remain in an allegedly extremely dangerous and hazardous condition.
*243 The Attorney General filed a written motion to dismiss the claimant’s petition on the ground that the Court lacked jurisdiction to hear the claim, and when the case was called on the day set for a hearing, the Attorney General then also moved that by reason of the failure of the claimant either in person or by counsel to appear, that the case be dismissed on the ground of non-appearance by claimant.
As is hereinafter shown, it is unnecessary for this Court to pass upon the latter motion, although it would be sufficient ground to dismiss the claim.
The written motion of the Attorney General to dismiss the claim on the basis of lack of jurisdiction, cites Chapter 14, Article 2, Section 3 of the Code of West Virginia, which in designating the jurisdictional powers of this Court in regard to claims against State agencies specifically provides:
“* * * that a ‘State agency’ shall not be considered to include county courts, county boards of education, municipalities, or any other political or local subdivision of the State regardless of any State aid that might be provided.”
The facts show that it was the Board of Education of Hancock County which exclusively had control and operation of the school where decedent suffered the injuries resulting in his death. There are no allegations, claim or proof that the State had any control or management of the school property involved. Clearly the case involved only the property and employees of the Hancock County Board of Education.
As the claim falls within the above express provision excluding claims which are against county boards of education, we are of the opinion to and do sustain the motion of the Attorney General and dismiss this claim and make no award to claimant herein.
Claim Dismissed.
No award.